JOHN L. KIRKLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31948. Promulgated July 22, 1930.

*Harvey D. Jacob, Esq.*, for the petitioner.
*D. A. Taylor, Esq.*, for the respondent.

**OPINION.**

MORRIS: Although the petition alleges two errors, we have but one issue before us, namely, the amount of taxable profit derived by petitioner from the sale of Continental Baking Corporation stock

in 1925. No question of fact being presented, we have only to apply the relevant provisions of the taxing statute.

The Revenue Act of 1926 provides that:

SEC. 1200. (a) The following parts of the Revenue Act of 1924 are repealed, to take effect (except as otherwise provided in this Act) upon the enactment of this Act, * * *: Title II (called "Income Tax") as of January 1, 1925 * * *.

SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\* \* · \* \* \* · \* \*

(6) If the property was acquired upon an exchange described in subdivision (b), * * * of section 203, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made.

Section 203 (b) (2) of the Revenue Act of 1924 provides that:

(2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

In article 39 of Regulations 65 and 69, the respondent provides as follows with respect to items to be included in gross income:

* * * Where common stock is received as a bonus with the purchase of preferred stock or bonds, the total purchase price shall be fairly apportioned between such common stock and the securities purchased for the purpose of determining the portion of the cost attributable to each class of stock or securities, but if that should be impracticable in any case, no profit on any subsequent sale of any part of the stock or securities will be realized until out of the proceeds of sales shall have been recovered the total cost.

Petitioner, relying on the above article of Regulations 65, and on the decision of the Circuit Court of Appeals, Sixth Circuit, in *Collins* v. *Commissioner*, 32 Fed. (2d) 753, contends that he is entitled to deduct the total cost before any taxable profit is realized. Respondent has allocated the original cost among the three classes of stock received upon the exchange by using the market values of such classes of stock at the time of the exchange as a basis, his computation being set forth in the stipulated facts. The effect of this apportionment was to increase petitioner's profit from sales made in 1925 from $226,699.50 as reported by petitioner to $362,473.80, as determined by respondent upon an allocation of the original cost.

Under the above quoted sections of the taxing statute the basis for computing profit in this particular case is *cost*, since the stock was acquired subsequent to February 28, 1913. It is stipulated, however, that at the time of purchase it was impracticable to apportion the cost

between the preferred and common stock then acquired, which stipulation, in view of article 39 of Regulations 65, would at first seem to be conclusive. Such a contention ignores entirely the possibility that some future event might afford a practical and equitable basis upon which an apportionment could be made. It is our opinion that the exchange occurring in 1924, although a nontaxable transaction under section 203 (b) (2), nevertheless, affords a basis for allocating the original cost among the shares obtained by the exchange.

The *Collins* case, *supra*, does not support the petitioner's position on this question. The court clearly pointed out that there were not sufficient data or facts in the record upon which to base an apportionment of cost as between the two classes of stock and remanded the case for further hearing. The court clearly indicated that only in case a further hearing failed to provide sufficient data or facts upon which to make a fair apportionment would the taxpayer be permitted to recover the entire cost before being chargeable with any profits. In this case we have facts upon which apportionment of cost may be predicated, an apportionment which upon principle stamps itself as fair and equitable. Where, therefore, it becomes practicable to make an apportionment, we believe that the decision in the *Collins* case supports the proposition that such apportionment should be made. It follows that with this apportionment the language found in article 39 of Regulations 65 is inapplicable.

Petitioner points out in particular that portion of section 204 (a) (6), hereinabove set forth, which states "the basis shall be the same as in the case of the property exchanged," and contends that the word " same " should be literally construed, thereby permitting him to recover his total cost before reporting any profits. The answer to this contention is that no question is raised as to petitioner's right to recover cost, but only how and when such cost shall be recovered. We believe this question has been settled by our discussion in the foregoing paragraphs of this opinion.

*Decision will be entered for the respondent.*